IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WAYNE BROWN,

    Petitioner,

v.                                         Civil Action No. 1:03CV251
                                                    (STAMP)

EDWARD F. REILLY,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

On November 13, 2003, <u>pro se</u> petitioner, Wayne Brown, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Magistrate Judge Kaull ordered the government to show cause why the writ should not be granted. The respondents filed a response, and the petitioner replied. The case was assigned to the undersigned judge on April 4, 2005.

On April 5, 2005, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. To date, the parties have filed no objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

In his § 2241 petition, petitioner contends that the United States Parole Commission erred in denying him parole. He argues that the denial of parole was arbitrary and capricious, and that he was denied a liberty interest without due process. Specifically, he asserts that the respondents failed to apply and consider the methodology under the Indeterminate System, and instead applied the federal regulations in making the parole decision. He further argues that they failed to adequately explain the denial. In addition, he contends that they should not have applied the salient factor score or the base point score to determine his months range. Finally, he asserts that the salient factor score increased his punishment in violation of the Ex Post Facto Clause of the United States Constitution.

In response, the respondent argues that the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, D.C. Code § 24-1231(a), transferred the parole release function regarding offenders from the District of Columbia ("D.C.") to the United States Parole Commission ("Commission"), permitting the Commission to amend or supplement parole regulations as long as the new rules conformed to the D.C. parole laws. The respondents further assert that the Commission is not precluded under D.C. law from denying parole based upon the prisoner's offense and risk factors, rather than focusing on his rehabilitative efforts. Finally, the respondent argues that the prisoner has no liberty interest in parole.

In his report, the magistrate judge first concluded that a district court cannot review parole decisions under an abuse of discretion standard. The magistrate judge found that the court can review the Commission's decision only to determine whether it violates constitutional, statutory, regulatory or other restrictions.

Next, the magistrate judge found that the Commission used the proper guidelines to deny parole to the petitioner. He concluded that the guidelines set forth in 28 C.F.R. § 2.80 and the use of the salient factor score are consistent with D.C. law. Further, he found that the D.C. regulations do not require parole decisions to emphasize rehabilitation and ignore the severity of the offense, as

3

alleged by the petitioner. Consequently, the magistrate judge found that the Commission did not violate D.C. parole laws in denying petitioner's parole based on the salient factor score.

The magistrate judge also concluded that the petitioner does not have a liberty interest in parole. He found that neither the U.S. Constitution nor the D.C. parole statute and regulations create such a liberty interest.

Finally, the magistrate judge held that the use of the salient factor score does not violate the Ex Post Facto Clause, and the Commission's guidelines do not impose ex post facto punishment because they are not, in fact, laws.

Based on this analysis, the magistrate judge concluded that the petitioner is not entitled to relief. Thus, he recommended that the § 2241 petition be denied.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, petitioner's § 2241 petition is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's

proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 29, 2005

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE